UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS HAROONIAN,<br><br>              Plaintiff,<br><br>    v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>             Defendants. | Case No. 2:21-cv-04487-CJC-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION AGAINST DEFENDANTS SINDAYEN AND ONGELE WITHOUT PREJUDICE |

**I.    BACKGROUND**

On May 28, 2021, plaintiff, who is at liberty and is proceeding *pro se*, paid the filing fee and filed a complaint against multiple defendants including Angel Sindayen and Steven Ongele. On June 2, 2021, the assigned Magistrate Judge issued an Order Regarding Service of Process ("June Order") advising plaintiff that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)"), service of the summons and complaint must be accomplished on each defendant within 90 days after filing the complaint, *i.e.*, by August 26, 2021. (Docket No. 4). The June Order directed plaintiff to file separate proof of service forms for each defendant served within the 90-day period, and cautioned plaintiff that his failure

to effectuate proper service by August 26, 2021, might result in dismissal of the action without prejudice as to any unserved defendant. (Docket No. 4 at 1). The June Order also provided plaintiff with information about the Federal "Pro Se" Clinics that offer information and guidance to individuals like plaintiff who are representing themselves in federal civil actions. (Docket No. 4 at 3-4).

As plaintiff did not file proofs of service reflecting service upon defendants Angel Sindayen and Steven Ongele by the aforementioned service deadline, the Magistrate Judge, on November 9, 2021, issued an Order to Show Cause ("OSC") directing plaintiff, within fourteen days, to show cause, if there be any, why service was not timely made on defendants Angel Sindayen and Steven Ongele, and why this case should not be dismissed without prejudice as against such defendants for failure to effectuate service and for lack of prosecution. (Docket No. 13). The OSC cautioned plaintiff that the failure timely to respond to the OSC or to show cause, may result in the dismissal of this action without prejudice as against such defendants for failure to effectuate service and/or for lack of prosecution. (Docket No. 13).

Plaintiff's deadline to comply with the OSC expired on November 23, 2021. To date, plaintiff has not filed a response to the OSC or proofs of service reflecting that service has been made upon defendants Angel Sindayen and Steven Ongele. Nor has he sought an extension of time to do so.

**II.  DISCUSSION**

Rule 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 90 days of filing the complaint, federal district courts have the authority to sua sponte dismiss an action without prejudice, after notice to the plaintiff. If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the Court must extend the time for accomplishing service. Fed. R. Civ. P. 4(m). The burden of establishing good cause is on the plaintiff. <u>Efaw v. Williams</u>, 473 F.3d 1038, 1040 (9th Cir. 2007).

The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992), overruled in part on other grounds by, Saucier v. Katz, 533 U.S. 194 (2001). "Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled in part on other grounds by, Lacey v. Maricopa County, 693 F.3d 896 (2012) (en banc); see also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action), cert. denied, 516 U.S. 838 (1995).

      The June Order clearly advised plaintiff of his obligation to serve process within the Rule 4(m) deadline and the consequences of failing to do so. The time for effecting service of process expired in late August 2021. See Fed. R. Civ. P. 4(m). Given the direct warning to plaintiff in the June Order, there is no cause, much less good cause, for his failure to prosecute this action as against defendants Sindayen and Ongele by serving them with the complaint. See Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (per curiam) (opining that Rule 4(m)'s time limit "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action," and because plaintiff did not contend that he attempted to serve defendants, was confused about the requirements of service, or was prevented from effecting timely service by factors beyond his control, a dismissal for failure to serve process was justified, even though plaintiff's claim therefore became time-barred).

      The OSC afforded plaintiff a further opportunity to demonstrate good cause for his failure to effect service on defendants Sindayen and Ongele and notified plaintiff of the consequences of failing to do so and failing to respond to the OSC. See generally Crowley v. Bannister, 734 F.3d 967, 975 (9th Cir. 2013) (requiring district courts to give notice to plaintiff before dismissing under Rule 4(m)). Plaintiff has not responded. As a result, the Court can only assume that plaintiff

lacks good cause for his failure to comply with the Court's orders and with Rule 4(m).  As no good cause has been established for plaintiff's failure to serve defendants Sindayen and Ongele, dismissal of this action without prejudice as against such defendants is warranted.

**III.  ORDER**

IT IS THEREFORE ORDERED that this action is dismissed without prejudice as against defendants Angel Sindayen and Steven Ongele.

IT IS SO ORDERED.

DATED: December 14, 2021

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE